USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/22/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------X
UNITED STATES OF AMERICA,          :
                                   :
                                   :   **16 CR 272(VM)**
       -against-                   :   **DECISION AND ORDER**
                                   :
CARLOS VEGA,                       :
                                   :
                       Defendant.  :
----------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

By letter dated September 1, 2020 (Dkt. No. 582), Carlos Vega ("Vega") requests that the Court place him on home confinement because COVID-19 has spread "like a wild fire" at Terre Haute FCI where he is incarcerated. The Court construes Vega's letter as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) ("Section 3582"), and hereby denies the motion for the reasons stated below.

As a threshold matter, Vega has not demonstrated compliance with Section 3582's exhaustion requirements. A defendant may not seek relief in court under Section 3582 until (i) he has "fully exhausted all administrative rights" within the Bureau of Prisons, or (ii) 30 days have lapsed since he submitted a request for release to the warden. United States v. Battle, 05 Cr. 377, 2020 WL 2306482, at *1 (S.D.N.Y. May 8, 2020) (citing Section 3582). Vega has done either.

But, even if the Court waived Section 3582's exhaustion requirements -- which the Court is not persuaded it can --

1

Vega has not established that he is entitled to relief on the merits.

Under Section 3582, the Court may reduce a defendant's term of imprisonment if it finds that either (i) "extraordinary and compelling reasons warrant such a reduction," or (ii) "the defendant is at least 70 years of age, has served at least 30 years in prison . . . and . . . is not a danger to the safety of any other person or the community." Section 3582. Because Vega is 36 years old, he is not eligible for relief under subsection two.

Nor has Vega established, under subsection one, that "extraordinary and compelling" circumstances warrant a sentence reduction in his case. Section 1B1.13 of the United States Sentencing Guidelines provides guidance on the circumstances under which "extraordinary and compelling reasons" exist, including, but not limited to, serious medical conditions such as "a terminal illness" or "end-stage organ disease." Section 1B1.13, cmt. n.1(A)(i). "Terminal illness" is defined as "a serious and advanced illness with an end of life trajectory" such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." Id.

Here, Vega is relatively young and does not claim to suffer from any medical conditions at all, let alone one that

puts him at heightened risk of serious illness were he to contract COVID-19.

While the Court is sympathetic to the fact that incarcerated individuals face heightened risks of infection, a generalized risk alone does "not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease." United States v. Sosa, 18 Cr. 229, 2020 WL 4252683, at *2 (S.D.N.Y. July 24, 2020) (citing cases).

For the foregoing reasons, it is hereby **ORDERED** that Vega's motion for compassionate release (Dkt. No. 582) is **DENIED**. The Clerk of Court is directed to mail a copy of this Order to Carlos Vega, Register Number 77388-054, FCI Terre Haute, Federal Correctional Institution, P.O. Box 33, Terre Haute, IN 47808 and note service on the docket.

**SO ORDERED.**

Dated: New York, New York
       22 September 2020

Victor Marrero
U.S.D.J.